FILED
CLERK
10/23/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Brooklyn OFFICE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

**RAQUEL DEJOIE,**
Plaintiff,

v.

**NASSAU COUNTY; NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES; NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE; OFFICE OF ADMINISTRATIVE HEARINGS; and JOHN/JANE DOE DEFENDANTS 1–20,**

Defendants.

2:26-cv-6841-RER-AYS

———————————————————X

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**42 U.S.C. § 1983; FOURTEENTH AMENDMENT; TITLE II OF THE AMERICANS WITH DISABILITIES ACT; SECTION 504 OF THE REHABILITATION ACT**

Plaintiff Raquel Dejoie, appearing pro se, alleges as follows:

---

## I. INTRODUCTION

1. Plaintiff brings this action against Defendants for violations of her federally protected rights arising from the unreasonable delay, failure to provide meaningful administrative review, and failure to properly process Plaintiff's public assistance and Supplemental Nutrition Assistance Program ("SNAP") matters.
2. Plaintiff alleges that Defendants, acting under color of state law, deprived her of procedural due process by failing to provide timely decisions, failing to properly respond to repeated requests for assistance, and failing to ensure meaningful access to benefits programs.
3. Plaintiff requested and participated in a Fair Hearing before the New York State Office of Temporary and Disability Assistance ("OTDA") after Nassau County Department of Social Services ("Nassau DSS") denied Plaintiff's public assistance matter.

4. Plaintiff's Fair Hearing was completed in approximately March 2026. Despite completion of the hearing, Plaintiff alleges that no written decision was issued for months afterward.
5. Plaintiff repeatedly attempted to obtain the outstanding decision, including submitting multiple requests for review and follow-up inquiries regarding the status of her Fair Hearing.
6. During this same period, Plaintiff continued attempting to resolve her SNAP and public assistance issues with Nassau DSS, including seeking supervisory review, requesting assistance, and requesting changes in case handling due to ongoing administrative problems.
7. Plaintiff alleges that Defendants' continued failure to act caused prolonged delays in access to benefits necessary for Plaintiff's basic needs.
8. Plaintiff subsequently relocated from Nassau County to another location within the Eastern District of New York. Plaintiff does not disclose her current residential location due to privacy and safety concerns.
9. After relocating, Plaintiff attempted to contact Nassau DSS to close her Nassau County case and facilitate the transition of her benefits matters. Plaintiff alleges that she repeatedly contacted supervisory personnel but did not receive timely responses.
10. Plaintiff seeks relief for the injuries caused by Defendants' alleged constitutional and statutory violations, including declaratory relief, damages where permitted by law, and any other appropriate relief.

---

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings claims arising under the Constitution and laws of the United States.
12. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violations of rights secured by the Fourteenth Amendment to the United States Constitution.
13. Plaintiff also brings claims pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, based upon alleged failures to provide meaningful access to public services and programs.
14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to these claims occurred within the Eastern District of New York, including events involving Nassau County and Plaintiff's current residence within this District.

---

## III. PARTIES

15. Plaintiff Raquel Dejoie is an adult resident of the State of New York and currently resides within the Eastern District of New York.
16. Defendant Nassau County is a municipal corporation responsible for the operation, supervision, policies, practices, and customs of Nassau County agencies, including Nassau County Department of Social Services.
17. Defendant Nassau County Department of Social Services is a municipal agency responsible for administering public assistance and SNAP programs within Nassau County.
18. Defendant New York State Office of Temporary and Disability Assistance ("OTDA") is a New York State agency responsible for administering and overseeing public assistance programs and conducting Fair Hearings.
19. Defendant Office of Administrative Hearings ("OAH") is responsible for processing and issuing determinations concerning administrative Fair Hearings conducted through OTDA.
20. Defendants John and Jane Doe 1–20 are individuals whose identities are currently unknown who participated in, authorized, approved, or failed to prevent the conduct described herein.

## IV. STATEMENT OF FACTS

### Plaintiff's Fair Hearing and Delay in Administrative Decision

21. **Plaintiff applied for and sought continued public assistance benefits through Nassau County Department of Social Services ("Nassau DSS").**
22. **Nassau DSS issued a determination adverse to Plaintiff regarding her public assistance matter.**
23. **Plaintiff exercised her right to challenge that determination by requesting a Fair Hearing through the New York State Office of Temporary and Disability Assistance ("OTDA").**
24. **Plaintiff's Fair Hearing was held and concluded in approximately March 2026.**
25. **After the Fair Hearing concluded, Plaintiff expected a written decision from OTDA resolving her appeal.**
26. **Plaintiff alleges that OTDA failed to issue a written Fair Hearing decision for several months following the completion of the hearing.**
27. **Plaintiff repeatedly attempted to obtain the overdue decision and determine the status of her matter.**

28. **Plaintiff submitted multiple follow-up requests regarding the status of her Fair Hearing decision, including requests directed to the Administrative Law Judge assigned to the matter.**
29. **Plaintiff submitted three separate requests seeking issuance of the outstanding Fair Hearing decision.**
30. **Despite Plaintiff's repeated efforts, Plaintiff alleges that she continued to receive no final written determination.**
31. **Plaintiff alleges that the prolonged delay prevented her from receiving timely resolution of her public assistance dispute and prevented her from knowing whether she was entitled to retroactive benefits or other relief.**

---

**Nassau DSS SNAP Recertification and Failure to Respond**

32. **During this same period, Plaintiff continued attempting to resolve issues with Nassau DSS concerning her SNAP and public assistance matters.**
33. **Plaintiff submitted a SNAP recertification application on or about June 25, 2026.**
34. **Plaintiff alleges that her SNAP recertification was approved on or about July 3, 2026.**
35. **Despite the reported approval, Plaintiff checked her EBT account information and alleges that no pending SNAP benefits were reflected as of July 29, 2026.**
36. **Plaintiff attempted to contact Nassau DSS supervisory personnel regarding the status of her benefits and the transition of her case.**
37. **From approximately July 26, 2026 through July 28, 2026, Plaintiff attempted to contact her Nassau DSS supervisor by telephone to request closure of her Nassau County case and address the transition of her benefits.**
38. **Plaintiff left approximately two to three voicemail messages at Nassau DSS telephone number 516-227-8125.**
39. **Plaintiff provided her case number in the voicemail messages so that DSS could identify and review her matter.**
40. **On July 28, 2026, Plaintiff left an additional voicemail explaining that if processing the closure or transition of her case would take longer than July 29, 2026, DSS should leave her benefits active until she was able to travel to Nassau County the following week to address the matter in person.**
41. **Plaintiff made this request in an effort to prevent interruption of benefits while attempting to resolve her case transition.**
42. **As of July 29, 2026, Plaintiff alleges that she had not received a return telephone call or other response from Nassau DSS regarding her requests.**

43. **Plaintiff alleges that despite providing identifying information, a case number, and repeated requests for assistance, Nassau DSS failed to provide timely communication or resolution.**

---

**Plaintiff's Relocation and Attempts to Transition Benefits**

44. **Plaintiff subsequently relocated from Nassau County to another location within the Eastern District of New York.**
45. **Plaintiff does not disclose her current residential location due to privacy and safety concerns.**
46. **After relocating, Plaintiff attempted to address the administrative transition of her benefits while avoiding an interruption in essential assistance.**
47. **Plaintiff alleges that she attempted to work cooperatively with Nassau DSS by requesting guidance regarding closure of her Nassau County case and the appropriate transition process.**
48. **Plaintiff alleges that she made repeated good-faith efforts to resolve these issues through administrative channels before seeking judicial relief.**
49. **Plaintiff contacted DSS personnel, supervisors, elected officials, complaint offices, and legal assistance organizations in an attempt to obtain assistance and resolution.**
50. **Plaintiff alleges that Defendants had notice of the ongoing issues but failed to provide timely responses or meaningful resolution.**

---

**Harm to Plaintiff**

51. **As a result of the alleged delays and failures to respond, Plaintiff suffered uncertainty regarding access to essential benefits, financial hardship, emotional distress, and disruption of her ability to meet basic needs.**
52. **Plaintiff alleges that the failure to issue a timely Fair Hearing decision prevented her from obtaining a final determination regarding benefits she believes were wrongfully delayed or denied.**
53. **Plaintiff alleges that the failure to provide timely communication regarding her SNAP benefits and case transition created additional barriers during a period when she was attempting to relocate and maintain access to necessary assistance.**
54. **Plaintiff alleges that she acted diligently by repeatedly contacting Defendants and seeking administrative remedies before filing this action.**

55. Plaintiff seeks all relief available under federal law, including declaratory relief, compensatory damages where permitted, and any retroactive benefits or other equitable relief authorized by law.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of Procedural Due Process Rights

### (42 U.S.C. § 1983 – Fourteenth Amendment)

56. Plaintiff repeats and realleges paragraphs 1 through 55 as if fully set forth herein.
57. Plaintiff had a protected interest in receiving and maintaining access to public assistance and SNAP benefits for which she applied and sought continued eligibility.
58. Public assistance benefits constitute an important property interest protected by the Due Process Clause of the Fourteenth Amendment.
59. Defendants acted under color of state law at all relevant times.
60. Plaintiff alleges that Defendants deprived her of procedural due process by failing to provide timely and meaningful administrative review of her benefits dispute.
61. Plaintiff exercised her right to request a Fair Hearing after Nassau DSS issued an adverse determination.
62. Plaintiff participated in the Fair Hearing process, which concluded in approximately March 2026.
63. Plaintiff alleges that Defendants failed to issue a timely written determination after the Fair Hearing despite the passage of several months and Plaintiff's repeated requests for action.
64. Plaintiff alleges that the failure to provide a timely decision deprived her of meaningful access to the administrative process and prevented her from obtaining a final determination regarding benefits she contends were wrongfully delayed or denied.
65. Plaintiff further alleges that Defendants failed to provide timely communication and assistance regarding her SNAP recertification and case transition despite repeated efforts by Plaintiff to resolve the matter.
66. Plaintiff alleges that Defendants' conduct caused prolonged uncertainty, delay, and interference with Plaintiff's ability to access essential public benefits.
67. By reason of the foregoing, Defendants violated Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution.

**SECOND CAUSE OF ACTION**

**Municipal Liability Against Nassau County**

**(42 U.S.C. § 1983 – Policy, Practice, Custom, or Failure to Supervise)**

68. **Plaintiff repeats and realleges paragraphs 1 through 67 as if fully set forth herein.**
69. **Defendant Nassau County is responsible for the policies, practices, customs, supervision, and administration of Nassau County DSS.**
70. **Plaintiff alleges that the violations described herein were caused by failures in administration, communication, supervision, and procedures within Nassau County DSS.**
71. **Plaintiff alleges that Nassau County DSS employees and supervisors were repeatedly placed on notice of Plaintiff's unresolved benefits issues through phone calls, complaints, requests for assistance, and follow-up communications.**
72. **Plaintiff alleges that despite this notice, Nassau County DSS failed to ensure that Plaintiff received timely responses and meaningful assistance.**
73. **Plaintiff alleges that the lack of adequate procedures or supervision contributed to the continued delay and failure to resolve Plaintiff's benefits issues.**
74. **Plaintiff alleges that Nassau County's acts and omissions were a moving force behind the deprivation of Plaintiff's federally protected rights.**

---

**THIRD CAUSE OF ACTION**

**Disability Discrimination and Failure to Provide Meaningful Access**

**(Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act)**

75. **Plaintiff repeats and realleges paragraphs 1 through 74 as if fully set forth herein.**
76. **Plaintiff is an individual with disabilities within the meaning of applicable federal disability laws.**
77. **Plaintiff alleges that Defendants knew or should have known of Plaintiff's disabilities and her need for meaningful access to public assistance services.**
78. **Plaintiff alleges that her disabilities created additional barriers in navigating complex administrative procedures, maintaining benefits, and communicating with government agencies.**
79. **Plaintiff alleges that Defendants failed to provide appropriate consideration, communication, or reasonable assistance necessary to ensure meaningful access to public benefit programs.**

**80. Plaintiff alleges that Defendants' actions and failures to act interfered with Plaintiff's ability to equally access services and benefits available to the public.**

**81. By reason of the foregoing, Plaintiff alleges that Defendants violated applicable protections under Title II of the ADA and Section 504 of the Rehabilitation Act.**

---

**FOURTH CAUSE OF ACTION**

**Declaratory and Injunctive Relief**

**82. Plaintiff repeats and realleges paragraphs 1 through 81 as if fully set forth herein.**

**83. An actual controversy exists between Plaintiff and Defendants concerning Plaintiff's rights to timely administrative processing and meaningful access to public assistance programs.**

**84. Plaintiff seeks a declaration that Defendants' alleged failure to timely process Plaintiff's benefits matters and provide a meaningful administrative determination violated Plaintiff's federally protected rights.**

**85. Plaintiff seeks appropriate prospective relief requiring Defendants to comply with applicable federal requirements concerning fair hearings, administrative processing, and access to public benefit programs.**

---

**VI. DAMAGES AND RELIEF REQUESTED**

**WHEREFORE, Plaintiff respectfully requests that this Court:**

**A. Enter judgment declaring that Defendants violated Plaintiff's rights under the Fourteenth Amendment, 42 U.S.C. § 1983, and applicable federal disability laws;**

**B. Award compensatory damages to Plaintiff in an amount to be determined at trial, to the extent permitted by law;**

**C. Award any retroactive benefits, reimbursement, or other monetary relief available under applicable law for benefits wrongfully delayed or withheld;**

**D. Grant appropriate declaratory and equitable relief concerning Defendants' handling of Plaintiff's benefits matters;**

**E. Award costs and any other relief permitted by law;**

F. Grant such other and further relief as this Court deems just and proper.

---

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

~~7/29/26~~ 10/23/26

Address:Confidential
State:New York

Contact information maintained confidentially due to privacy and safety concerns.

Respectfully submitted,

Raquel Dejoie
Plaintiff, Pro Se

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Raquel Dejoie

**(b)** County of Residence of First Listed Plaintiff Kings County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se Plaintiff

**DEFENDANTS**
Nassau County, Nassau County Department of Social Services, New York State Office of Temporary and Disability Assistance(OTDA), Office of Adminstrative Hearings(OAH), John & Jane Does 1-20

County of Residence of First Listed Defendant Nassau
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983; Fourteenth Amendment Due Process; Americans with Disabilities Act (ADA), 42 U.S.C. § 12132;
Brief description of cause: Unlawful delay & denial of access to public benefits.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. DEMAND $ Damages to be determined
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE Hon. Ramon E. Reyes JR DOCKET NUMBER 2:26-cv-01657-RER-AYS

DATE 7-29/26 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Print Save As... Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

Raquel Dejoie

*Plaintiff(s)*

v.

Nassau County

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Nassau County
Office of the County Attorney
One West Street
Mineola, NY11501
Nassau County Department of Social Services
60 Charles Lindbergh Boulevard
Uniondale, NY 11553

New York State Office of Temporary and Disability Assistance (OTDA)
40 North Pearl Street
Albany, NY 12243
Office of Administrative Hearings
New York State office of Temporary and Disability Assistance
40 North Pearl Street
Albany, NY 12243

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Raquel Dejoie
Plaintiff, Pro Se
Dejoieraquel2000@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: ______________

______________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print Save As... Reset